## Mische et al. *v.* Kaminski et al., Appellants.

Argued May 5, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, JAMES and RHODES, JJ.

68

. . . . . .

72

74

76

......

86

88

*Roger J. Dever,* with him *J. Q. Creveling, Joseph E. Fleitz* and *John A. Gallagher,* for appellants.

*E. C. Marianelli,* with him *James M. Stack,* for appellees.

PER CURIAM, July 15, 1937.

This appeal was certified to this Court by the Supreme Court. The questions raised are, (1) whether the evidence in the record supports the findings of fact made by the Chancellor and approved by the court in banc; (2) whether the findings of fact sustain the conclusions of law and the final decree.

We have carefully read the testimony and are of opinion that the evidence in the record is sufficient to support all of the findings of fact of the learned chancellor except (1) the twelfth, (2) the twenty-fifth, in so far as it differs from or adds to the tenth, and (3) the last ten words of the twenty-sixth, "on account of plaintiffs' refusal to join the defendants' organization," for which should be substituted "on account of plain-

tiffs' membership in the new union, United Anthracite Miners of Pennsylvania"; and (4) the words 'and Goodwin Jones' should be eliminated from the 8th finding. It is also sufficient to support the facts as recited in the discussion of the chancellor, except (1) so much of the second paragraph on page 320a, as follows after "The difficulty arises from dissension among the members of the United Mine Workers of America. Complainants, with others, withdrew and organized a new union, called the United Anthracite Miners of Pennsylvania." The facts, as they appear in the rest of this paragraph, may have been correctly stated, but they do not so appear in the record before us, to which we are limited. (2) The third paragraph on page 321a is also too broadly stated. The sentence beginning "The new union" etc. should read "The new union has since been abandoned and *most of* its members *have* returned to the fold," for it is not contended that the plaintiffs have again become members of the old union. (3) The last ten words in the first paragraph on page 325a—"on account of plaintiffs' refusal to join the old union" is not supported by the testimony, and the words, "on account of plaintiffs' membership in the new union, United Anthracite Miners of Pennsylvania" should be substituted, to correspond with the modified 26th finding of fact. (4) The word 'enforce' in the second line of the second paragraph on page 325a should be *'force.'*

The testimony and the facts found, as above, support all the conclusions of law except the fourth, which, in the state of this record, is inapplicable.

These changes make no material difference in the result. They do not affect the main findings of fact of the Chancellor, approved by the court in banc, or the conclusions of law resulting from them, on which the decree appealed from rests.

While the present litigation may have grown out of

dissension among members of the United Mine Workers of America it is not a dispute within the order and hence is not ruled by the decisions relating to internal troubles within a society. These plaintiffs left the old union before the present difficulty began. Whether they had just cause for complaint within the order is not a question before us. They had the legal right to leave the order and they did so, and the acts complained of in this bill followed in the wake of their leaving.

Nor is it material that no technical 'strike' was called by defendants. The plaintiffs were discharged from employment by the coal company employer, although the latter had no fault to find with their work, solely on demand of the defendants, who refused to work with them, accompanied by unlawful threats and acts of violence.

The seventh and eighth assignments of error are sustained to the extent indicated in this opinion. The remaining assignments are overruled. The decree is affirmed on the adjudication, findings and conclusions of the court below as modified herein.[1] Costs to be paid by appellants.

---

[1] The modifications appear in brackets in the adjudication, etc. of the court below as printed in the reporter's statement.