Mische et al., Appellants, *v.* Local Unions No. 898 and No. 211 et al.

Argued April 22, 1940.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT,
JJ.

*E. C. Marianelli,* for appellants.

*John A. Gallagher,* with him *J. Q. Creveling, Joseph
E. Fleitz* and *Roger J. Dever,* for appellees.

OPINION BY KELLER, P. J., July 19, 1940:

This is a cross-appeal by the plaintiffs from the find-
ings of fact, conclusions of law and decree entered by
the Court of Common Pleas of Luzerne County and
passed upon by us in *Mische et al. v. Kaminski et al.,*
127 Pa. Superior Ct. 66, 193 A. 410.

The appeal in that case was taken by those defend-
ants against whom damages had been awarded in favor
of the plaintiffs. The plaintiffs' appeal was held in
abeyance pending the disposition of defendants' appeal
and awaiting the result of the award of damages against
the appellant defendants.

The attempt to collect those damages having proved
fruitless, the plaintiffs now press their appeal, and
allege errors by the court below in three respects:

(1) Failure to award damages in favor of the re-
spective plaintiffs against John Kmetz and John Boy-
lan, in addition to the defendants named in the decree.
See 127 Pa. Superior Ct. p. 88.

(2) Failure to award damages against the two local
unions of the United Mine Workers of America, Nos.
898 and 211.

(3)   Failure to award damages against District No. 1 of the United Mine Workers of America.

All of these matters were raised in the court below either by direct exceptions to the findings of fact of the chancellor or by exceptions to the refusal of the chancellor to affirm the plaintiffs' requests for findings of fact. They were accordingly in issue when the case was here before. At that time we gave careful consideration to the findings of fact of the chancellor, as affirmed by the court below, and decided that the evidence in the record was sufficient to support all of the formal findings of fact of the chancellor and the further facts recited in his discussion, except those matters specifically pointed out on pages 90 and 91 of our opinion in 127 Pa. Superior Court; and it may be stated that none of the matters of fact so excepted to relates to those which are here assigned for error by the appellants.

It is too well settled to require citation of authorities that the findings of fact of a chancellor, when approved by the court in banc, have the force and effect of the verdict of a jury and, if supported by substantial, competent evidence, will not be disturbed by an appellate court.

We gave the matter most careful consideration when it was before us on the defendants' appeal, and notwithstanding the earnest argument of plaintiffs' counsel on this appeal, we are not convinced that our decision that the findings were sustained by the competent evidence in the record was wrong, or that the conclusions of law and the decree were not supported and warranted by the findings of fact.

It is unfortunate that these plaintiffs, who suffered a real injury, have not been able to recover the damages properly awarded them, but we find no reversible error in the action of the court below.

Decree affirmed at the costs of the appellants.